**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **RUTH MILLER AND GALEN SWINGEN,**<br><br>PLAINTIFFS,<br><br>V.<br><br>**AARP SERVICES, INC., AARP, INC., AARP OF THE VIRGIN ISLANDS, INC., GRUPO COOPERATIVO SEGUROS MULTIPLES, COOPERATIVA DE SEGUROS MULTIPLES OF PUERTO RICO, OVERSEAS INSURANCE AGENCY, INC., SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., VERICLAIM, INC., AND RUSSELL RAGSDALE,**<br><br>DEFENDANTS. | **CASE NO. 1:19-CV-49 (MEM-EAH)** |

## CROSS-NOTICE TO COURT REGARDING PROTECTIVE ORDER

Defendants AARP Services, Inc. and AARP, Inc. (the "AARP Defendants"), by and through undersigned counsel, and for the reasons identified in AARP Defendants' Motion for Protective Order filed on October 12, 2022 (ECF 210) and argued before the Court on April 4, 2023, respectfully request that the Court enter the Revised Proposed Protective Order attached as Exhibit 2. The AARP Defendants further state as follows:

1. On April 4, 2023, the Court held a hearing on the AARP Defendants' Motion for Protective Order (among other matters), at the conclusion of which the Court ordered the parties to meet and confer to agree on language implementing various edits that the Court suggested the parties make and consider. Pursuant to the Court's instructions, all parties to this action met and conferred telephonically on April 11, 2023 at 2:00 p.m. Eastern Time to discuss the proposed protective order and proposed edits. The original proposed protective order, ("Original Proposed

1

Protective Order"), which was submitted with AARP's Motion for Protective Order, is attached as Exhibit 1. A revised version of the proposed protective order, which incorporates suggested language from the AARP Defendants in accordance with the Court's suggestions, is attached as Exhibit 2 ("Revised Proposed Protective Order"). Exhibit 3 is a document that shows the changes between the Original Proposed Protective Order and the AARP Defendants' Revised Proposed Protective Order in redline form.

2. The day before the April 11, 2023 meet and confer, the AARP Defendants proposed revised language to address the concerns raised Plaintiffs at the April 4, 2023 hearing. Specifically, the AARP Defendants revised the language throughout the proposed protective order to clarify the distinction between Confidential Information and Highly Confidential Information, as the Court suggested. In addition, the AARP Defendants modified paragraph 13 to clarify that deposition testimony may be designated as protected information and that the mechanism for challenging designations would also apply to depositions.

3. On April 11, 2023, the parties discussed the limited scope of the dispute regarding the proposed protective order. During the discussion, Plaintiffs' counsel expressed concerns that in paragraph 14 of the proposed protective order the party seeking disclosure would need to provide information on the identity of any expert with whom protected information would be shared. Plaintiffs' counsel argued that sharing information related to the identity and use of experts would require disclosure of work product. The AARP Defendants disagreed that the language required disclosure of work product, but agreed to clarify the language to address the concerns raised by Plaintiffs' counsel.

4. On April 11, 2023, AARP Defendants distributed additional revisions to the proposed protective order that were specifically aimed at clarifying that work product should not

be disclosed and at modifying the mechanism for sharing highly confidential information with experts, pursuant to the Court's instructions at the April 4, 2023 hearing, making it subject to the disclosing party's consent.

5. On April 13, 2023, Plaintiffs' counsel responded, stating that she opposed "revealing [the identity of] consulting expert(s) at all (that would be my work product) and to revealing my potential trial expert(s) prior to the review of any such expert of 'Highly Confidential' information by such experts." As a result, Plaintiffs' counsel did not agree to the language that the AARP Defendants proposed for paragraph 14 of the protective order.

6. On April 15, 2023, in a further attempt to address Plaintiffs' counsel's objections, the AARP Defendants circulated further revisions to the proposed protective order to all parties. The revisions aimed to: (i) conform to the Court's request for a mechanism to resolve issues regarding disclosure to an expert before resorting to motion practice; (ii) provide the party seeking protection with sufficient information to assess whether disclosure to the expert would potentially cause competitive harm; (iii) clarify that no party is obligated to disclose privileged or work product information; (iv) ensure that Highly Confidential information remains protected until the parties agree or the court orders otherwise; and (v) provide an equal opportunity for either party to seek relief from the Court if the mechanism for resolving disputes does not result in an agreement. The AARP Defendants also requested that any party who still disputed the language provide alternative language in redline form to address the issue.

7. On April 17, 2023, Plaintiffs' counsel once again rejected the AARP Defendants' proposed revisions to the protective order, stating that the revisions did not address her concerns, but did not propose alternative language. She further suggested that "AARP should be required,

if it [chooses], to submit the 'highly confidential' material to the Court and ask for the specific protection it is seeking."

8. On April 17, 2023, the AARP Defendants once again requested that Plaintiffs' counsel propose alternative language for paragraph 14 of the protective order. Today, Plaintiffs' counsel proposed alternative language for paragraphs 7 and 14 of the protective order. Exhibit 4 is a copy of Plaintiffs' proposed language in redline form. Those edits permit a party to disclose Highly Confidential information to experts without advance notice to the party at risk of harm from disclosure or completion of the meet and confer process the Court suggested. Those revisions are therefore unacceptable to the AARP Defendants for the reasons outlined in the original Motion and at the hearing.

9. Despite AARP Defendants' significant efforts to reach an agreement on the proposed protective order, the parties are at an impasse. Plaintiffs' counsel continues to object to the language in paragraph 14 as proposed by AARP Defendants pursuant to the Court's instructions. All parties have agreed to the remaining paragraphs in the proposed protective order, and the only remaining points of disagreement concern the language in paragraphs 7 and 14.

THEREFORE, the AARP Defendants, having met and conferred with all parties, and having suggested and provided numerous revisions to the proposed protective order language to address Plaintiffs' concerns, request that the Court enter the Revised Proposed Protective Order attached as Exhibit 2. The Adjuster Defendants have no objection to either the plaintiffs' proposed order or the AARP Defendants' proposed order. Grupo Defendants prefer the language in the protective order as proposed by Plaintiffs' counsel.

Dated: April 18, 2023                               Respectfully submitted,

/s *Andrew C. Simpson*
Andrew C. Simpson (VI Bar 451)
Howard L. Phillips (VI Bar 2014)
**Andrew C. Simpson, P.C.**
2191 Church Street, Suite 5
Christiansted, VI  00820
asimpson@coralbrief.com
hphillips@coralbrief.com
340-719-3900

/s *Karen Ellis Carr*
Karen Ellis Carr (*admitted pro hac vice*)
Eric Roman (*admitted pro hac vice*)
Mattie Bowden (*admitted pro hac vice*)
**ArentFox Schiff LLP**
1717 K Street, NW
Washington, DC 20006
karen.carr@afslaw.com
eric.roman@afslaw.com
mattie.bowden@afslaw.com
202-857-6000

*Counsel for AARP Services, Inc. and AARP, Inc.*

5